# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**EDDIE JEROME MAYS,**       )
                             )
        **Plaintiff,**       )
                             )
**v.**                       )
                             )   **Case No. 18-2162**
**SWOPE HEALTH SERVICES,**   )
                             )
        **Defendant.**       )
                             )

## MEMORANDUM AND ORDER

Plaintiff Eddie Jerome Mays, proceeding pro se, brings this employment discrimination case against his former employer, defendant Swope Health Services. Plaintiff claims that defendant terminated his employment based on plaintiff's disability. Defendant filed a motion to dismiss (Doc. 9), claiming that this court is not the proper venue for plaintiff's claim.

A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *see also Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006). Whether to dismiss a case for improper venue "lies within the sound discretion of the district court." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) (citations omitted). But the court gives deference to the plaintiff's choice of forum. *M.K.C. Equip. Co. v. M.A.I.L. Code*, 843 F. Supp. 679, 683 (D. Kan. 1994). "Upon a defendant's challenge to

-1-

venue, the plaintiff has the burden of establishing that venue is proper in the forum state." *Mohr*, 434 F. Supp. 2d at 1058 (citation omitted).

A court, in the interest of justice, may cure improper venue by transferring the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Elec. Realty Assocs., L.P. v. Paramount Pictures Corp.*, 935 F. Supp. 1172, 1177 (D. Kan. 1996). Even when venue is proper, however, federal courts have the option to transfer cases: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Black & Veatch Constr., Inc. v. ABB Power Generation*, 123 F. Supp. 2d 569, 580 (D. Kan. 2000). Courts determine whether to transfer a case on "an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation and internal quotation marks omitted). To evaluate whether the interests of justice warrant transfer, courts consider: (1) whether a newly-filed action would be time-barred; (2) the likely merits of the claims; and (3) plaintiff's good faith in filing the original action. *Trujillo v. Williams*, 465 F.3d 1210, 1222 n.16 (10th Cir. 2006).

Plaintiff does not specifically allege the residency of defendant, but lists an address for defendant in Missouri. Plaintiff also lives in Missouri. And he filed his Charge of Discrimination with the Missouri Commission on Human Rights. Plaintiff does not allege that any acts occurred in Kansas, and when he responded to this court's Order to Show Cause, he did not indicate any other Kansas connection that would meet his burden to show that venue is appropriate here. Plaintiff said that defendant also has a location in Kansas and that he filed his EEOC charge in Kansas, but he does not explain how either of these facts impact the location of where the acts giving rise to his claim occurred.

Instead, plaintiff reiterates that he needs an attorney appointed, and essentially asks the court to extend his time to fully respond to defendant's motion until after the court can appoint an attorney.

Under the circumstances presented, the court does not believe that it is in the interests of justice to delay resolving defendant's motion. It does not appear to the court that an attorney could help plaintiff overcome the venue problem. Plaintiff has not met his burden of showing that there are any relevant contacts with Kansas, and the court therefore determines that venue is not proper in Kansas. This does not necessarily mean, however, that dismissal is the appropriate resolution of the case.

Defendant has only asked the court for dismissal—not transfer. But defendant acknowledges that "there is a judicial district in which this action could have properly been brought where [defendant] resides, [plaintiff] resides, and all acts giving rise to the complaint occurred—the United States District Court for the Western District of Missouri." (Doc. 10, at 3.) This court is inclined to transfer the case instead of dismissing it, based on the factors outlined in *Trujillo*. First, it is not immediately clear to the court, but it appears that plaintiff could have a timeliness issue if required to refile his case, unless a tolling provision applies. Second, the court is not in a position to make a full determination on the merits of the case, but plaintiff's allegations do not appear frivolous. And third, there is no indication that plaintiff filed this action in bad faith.

For these reasons, the court determines that transfer—not dismissal—is the proper remedy. On the motion before the court, defendant has not shown that dismissal is warranted. Rather, dismissal would require plaintiff to begin again, in a new court, with a new complaint, a new request to proceed in forma pauperis, and a new request for appointed counsel. This result is not just. The court will leave plaintiff's requests for appointment of counsel pending, for the United States District Court for the Western District of Missouri to decide. Because that court is the proper venue for this case, the decision whether to appoint counsel should not be decided here.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 9) is denied.

**IT IS FURTHER ORDERED** that the case is transferred to the United States District Court for the Western District of Missouri.

Dated this 27th day of August, 2018, at Kansas City, Kansas.

                                                   **s/ Carlos Murguia**
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**